IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELAINE GARCIA-SUAREZ,

      Petitioner,

v.                                               No. 2:26-cv-0665-KG-SCY

PAMELA BONDI, Attorney General of the United States;
KRISTI NOEM, Secretary, Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement; TODD LYONS,
Acting Director of Immigration and Customs Enforcement; and
DORA CASTRO, WARDEN, Otero County Processing Center,

      Respondents.[1]

<u>ORDER TO ANSWER</u>

Before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2241 (Doc. 1) (Petition).   Petitioner is detained at the Otero County Processing Center in

Chaparral, New Mexico and has paid the habeas filing fee.   Petitioner states she has been in

immigration custody since September 8, 2025, and has improperly been denied a bond hearing

under 8 U.S.C. § 1226(c).   (Doc. 1) at 4-5.   Specifically, Petitioner contends she has no criminal

conviction that would trigger mandatory detention under Section 1226(c), and there is no

administrative remedy to challenge her classification by Immigration and Customs Enforcement

(ICE).   *Id.* at 5-6.   Petitioner seeks an individualized bond hearing or immediate release from

custody.   *Id.* at 11.

Having conducted an initial review of the Petition, the Court finds the alleged facts raise a

colorable claim for relief.   Petitioner alleges she has improperly been denied a bond hearing under

---

[1] The Court adds the above-mentioned parties as Respondents in this case.   *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

8 U.S.C. § 1226(c), despite not having a criminal conviction that mandates detention under that statute.   The Clerk's Office has electronically served a copy of the petition in this matter on all federal respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.   *See* (Doc. 2).   The United States Attorney's Office (USAO) shall answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted.   *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).   Petitioner may file an optional reply within ten (10) business days after the answer brief is filed.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing.

IT IS THEREFORE ORDERED that:

1. The United States Attorney's Office must answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

2. If Petitioner wishes to file an optional reply, she must do so within ten (10) business days after Respondents' response is filed; and

3. The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.