IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELAINE GARCIA-SUAREZ,

     Petitioner,

v.                                    No. 2:26-cv-0665-KG-SCY

MARY DE ANDA-YBARRA, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Elaine Garcia-Suarez's Motion to Enforce, Doc. 14, and the Government's Response in Opposition, Doc. 17.  Petitioner proceeds pro se.  *See* Doc. 1. Petitioner contends that, although the Government provided her with a bond hearing, it did not comply with this Court's previous order, Doc. 12.  After reviewing the parties' submissions and a digital audio recording ("DAR") of the proceeding, the Court denies the motion to enforce.[1]

## I.    *Background*

Petitioner is a Cuban citizen who entered the United States without inspection in 2022.  Doc. 8 at 1.  She was encountered and arrested at the southern border, where the Department of Homeland Security ("DHS") served her with a Notice to Appear and charged her as inadmissible. *Id.* at 8.  In 2023, an immigration judge ("IJ") determined that Petitioner was not eligible to adjust her status under the Cuban Adjustment Act and administratively closed her case.  *Id.* at 11.  She has filed an asylum application.  Doc. 10 at 1.

On August 9, 2025, Petitioner was arrested for possession of a controlled substance.  Doc. 8 at 17.  She has been detained since that time at the Otero County Processing Center in New Mexico. Doc. 1 at 2.

---

[1] The DAR of the bond hearing is on file with the Court and lodged at Doc. 18 (the "Audio Recording").

On April 2, 2026, the Court concluded that Petitioner's detention without a bond hearing violated the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process Clause.  Doc. 14 at 5.  The Court ordered the Government to provide a bond hearing at which the Government had the burden to justify Petitioner's detention.  *Id.* at 5.

An IJ held a bond hearing on April 6, 2026.  Doc. 13 at 1.  The IJ denied bond because:

> [Petitioner] entered the US without inspection in July of 2022.  [She] was recently arrested and convicted of Possession of a Controlled Substance in Collier County, FL based on an incident that occurred on August 9, 2025. This court finds that [Petitioner] is both a danger to the community and a flight risk based on her recent criminal history.

Doc. 13 at 4.

Petitioner now challenges the bond proceeding, claiming that "the Immigration Judge denied bond based on weak and unproven allegations...without any conviction or confirmed possession."  Doc. 14 at 1.  The Government opposes the motion.  Doc. 17.

## II.    *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.

## III.    *Analysis*

The Court concludes that it lacks jurisdiction to consider Petitioner's claim.  *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a federal court has an independent obligation to assure itself of subject matter jurisdiction).  Under 8 U.S.C. § 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of" 8 U.S.C. § 1226 is "not...subject to review," and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien."  But § 1226(e) does not eliminate "habeas

jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017); *see also Miranda v. Garland*, 34 F.4th 338, 351 (4th Cir. 2022) (same). Accordingly, §1226(e) does not strip federal courts of jurisdiction to consider "constitutional challenge[s]" to the "procedures adopted by the Attorney General for all detention decisions under § 1226(a)." *Miranda*, 34 F.4th at 352; *see also Singh v. Holder,* 638 F.3d 1196, 1200–02 (9th Cir. 2011) (collecting cases and holding that § 1226(e) does not limit federal court's jurisdiction to review bond hearing determinations for constitutional claims or legal error).

Under these principles, the Court lacks jurisdiction to consider Petitioner's claim. Petitioner contends that the Immigration Judge ("IJ") denied bond "based on weak and unproven allegations" and that "the Government failed to meet its burden." Doc. 14 at 1. These arguments challenge the sufficiency and weight of the evidence supporting the IJ's bond determination—matters committed to the IJ's discretion under 8 U.S.C. § 1226(e). Review of those questions lies with the Board of Immigration Appeals.

## IV.  *Conclusion*

Petitioner's Motion to Enforce this Court's prior habeas order, Doc. 14, is denied.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.